UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT W. GRIFFITH, ) | |
| ) | |
|   Plaintiff, ) | |
| ) | |
|     vs. ) | CAUSE NO.  1:07-cv-1427-WTL-TAB |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| ) | |
|   Defendant. ) | |

## ENTRY ON PETITION FOR ATTORNEY FEES

Pending before the Court is Plaintiff Robert Griffith's Petition for Attorney Fees under the Equal Access to Justice Act ("EAJA") and the Defendant's response thereto. The Court, being duly advised, **DENIES** Griffith's petition for the reasons set forth below.

In an order dated March 12, 2009, the Court reversed the final decision of the Commissioner of the Social Security Administration ("Commissioner") finding Griffith not disabled and remanded the case for further proceedings. The Court determined that remand was required because there was no evidence in the record to support the ALJ's finding at Step 5 that there were significant numbers of jobs that Griffith could perform despite his nonexertional limitations. A vocational expert had testified at Griffith's hearing before the ALJ and the appropriate question had been asked during the course of the hearing, but due to an interruption by the ALJ the vocational expert never answered the question.

Pursuant to the EAJA, a successful litigant against the federal government is entitled to recover her attorney fees if 1) he was a "prevailing party"; 2) the government's position was not "substantially justified"; 3) there exist no special circumstances that would make an award unjust; and 4) he filed a timely application. 28 U.S.C. § 2412(d)(1)(A), (B).

The Commissioner argues that a fee award is not appropriate in this case because his

position was substantially justified. The Commissioner has the burden of proving substantial justification, and both the Commissioner's pre-litigation and litigation positions are relevant. *Cunningham v. Barnhart*, 440 F.3d 862, 863-64 (7th Cir. 2006). "In order for the Commissioner's position to be substantially justified, it must have reasonable factual and legal bases, and there must exist a reasonable connection between the facts and [his] legal theory." *Id.* The Commissioner's position need not have been correct–that is, the fact that the case was remanded does not automatically lead to an award of fees–but his position must have been stronger than merely non-frivolous. *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988).

      The Court agrees with the Commissioner that his position was substantially justified in this case. Griffith advanced numerous arguments on appeal, all of which the Court found to be without merit save one–that there was no evidence on the record to support the ALJ's Step 5 determination. In addition, as the Commissioner points out, Griffith's argument with regard to Step 5 was itself incorrect in several respects. The Commissioner's response to those arguments was correct, and the Court does not fault the Commissioner for failing to read Griffith's brief as encompassing the additional argument that the Court ultimately determined required remand. In addition, the ALJ's decision overall had "reasonable factual and legal bases," and there was "a reasonable connection between the facts and [his] legal theory." In essence, the ALJ's failure was a technical one which is easily corrected on remand and which frankly is highly unlikely to lead to a different result.

      The Court believes that this is precisely the type of case in which the distinction must be drawn between losing and advancing a position that is not substantially justified. This case was remanded, but the Commissioner did not take a position that was without substantial justification. Accordingly, applying the standard mandated by the EAJA, Griffith's petition for fees must be

and is **DENIED**.

    SO ORDERED:   08/28/2009

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana


Copies to:

Charles D. Hankey
charleshankey@hankeylawoffice.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov